J. HENRY EDMUNDS, PLAINTIFF IN ERROR, v. LEMUEL E. MILLER, DEFENDANT IN ERROR.

The terms of an agreement of partnership, unilateral in form, respecting the profits of the renting and sale of real property, construed in the light of the subsequent acts of the parties, and a claim of a right of recovery by one partner against the other for certain interest for the use of money invested in the joint enterprise, denied.

[*Argued March 3d,* 1898; *decided June 20th,* 1898.]

On error to the Supreme Court.

For the plaintiff in error, *Thomas E. French* and *Lindley M. Garrison.*

For the defendant in error, *Horace F. Nixon* and *David J. Pancoast.*

The opinion of the court was delivered by

VREDENBURGH, J. Lemuel E. Miller, the defendant in error, brought suit against Edmunds to recover several money items, among which was the sum of $148.63, being the interest computed from April 23d, 1892, to July 19th, 1893, upon the sum of $2,000 advanced by the former to the latter in the purchase of certain real estate for their mutual benefit.

The evidence on the trial before the Supreme Court Circuit of Cape May county and a jury showed that, in pursuance of the purposes of a written instrument dated April 23d,

1892 (a copy of which is hereinafter given), executed by
Edmunds to Miller, the latter had loaned to Edmunds $2,000,
and Edmunds had thereupon, after giving Miller his note as
collateral security for the $2,000, payable in one day, pro-
cured a conveyance to himself of the property mentioned in
the writing, the title to which he continued to hold up to the
time of trial.

It also appeared that, subsequently, on July 19th, 1893,
Miller, upon complaining to Edmunds of his delay in bring-
ing about a sale of the property, had obtained from Edmunds
a mortgage signed by him and his wife, covering the prop-
erty and securing to Miller the payment of the $2,000, with
interest from that date, and that, upon receiving the mort-
gage, Miller had surrendered the collateral note to Edmunds,
the mortgage having been substituted for the note in such
adjustment.   On that occasion no claim or demand whatever
was made by Miller of Edmunds for the past-due interest on
the $2,000 from April 23d, 1892, to July 19th, 1893—the
$148.63 now in controversy—nor was any new agreement
then entered into by which the trust assumed by Edmunds
respecting the property purchased was either released, termi-
nated or canceled, but, so far as the evidence shows, such
trust still remained in full force after the execution of the
mortgage.

Miller, after acquiescing for more than four years in this
arrangement of the indebtedness evidenced by the mortgage,
now disputes the correctness of that adjustment and insists
that he is entitled to judgment against Edmunds for the
$148.63, and that the court should place a construction upon
the writing, with respect to interest, the very opposite of that
deliberately adopted by the parties.

In relation to this claim for interest the court below
charged the jury in the following words, viz. : " There is
another matter in this case which the plaintiff claims.   That
is the interest on $2,000 from the 23d of April, 1892, to July
19th, 1893, amounting to $148.63, that has been adverted to,
and some point has been made about it that he was not enti-

tled to interest (by virtue of some special written arrange-ment made between the parties and contained in this paper which I hold here, and which will come before you) until the property was sold. My charge to you is that he is entitled to the interest which he claims from April, 1892, to July, 19th, 1893, $148.63, because we find that he borrowed from Lemuel Miller $2,000 at six per cent., for the purpose of buying in that property, and I hold that he is entitled to that interest for the intermediate time between the time when the money was loaned and the time when, as I understand it, the transaction was closed."

An exception to this part of the charge brings its correct-ness before this court for determination.

The written instrument referred to was in the following terms, viz. :

" CAPE MAY CITY, N. J., April 23d, 1892.

" This is to certify that I have this day borrowed from Lemuel E. Miller the sum of two thousand dollars at six per cent. interest, for the purpose of buying the interest (which is five-elevenths) of George Rutherford, in the prop-erty known as the William C. Rutherford property, situated [here follows a short description], and I have also agreed to purchase said property from George Rutherford, for three thousand dollars, and pay to Cape May Saving Fund and Building Association mortgage or balance due on it of one hundred and seventy-three dollars, also the mortgage held by William S. Hooper, for one hundred dollars, and give George Rutherford a mortgage for one thousand dollars; in other words, have agreed to pay him three thousand two hundred and seventy-three dollars for his interest in the said property, with the understanding that I am to proceed at once and have the property divided, and, if division cannot be made, to sell the property at public or private sale in whatever way that appears most advantageous.

"After such sale is made, I am to pay back to Lemuel E. Miller the two thousand dollars, and after taking out the one hundred and seventy-three paid on building association mort-

gage and the one hundred dollars paid on mortgage of William S. Hooper, also expenses for lawyers' and court fees, advertising expenses, taxes and insurance, I am to give Lemuel E. Miller two-thirds of the profit made on transaction, and am to make no charge for my services. Should the farm be rented before it is sold, Lemuel E. Miller is to have fifty per cent. of the net proceeds, and if rented it is to be understood that the taxes are to be paid out of rent each year before said division of fifty per cent. is made.

"(Signed)    J. HENRY EDMUNDS.

"Signed, sealed and delivered in the presence of
"(Signed)    THOMAS S. STEVENS.

"It is further understood that the property is not to be sold at private sale unless agreeable to both said Miller and myself, and as collateral security for the payment of said two thousand dollars, I give said Miller my note dated April 23d, 1892, payable in one day for two thousand dollars.

"(Signed)    J. HENRY EDMUNDS.

"Witness—THOMAS S. STEVENS."

This paper, viewed in its entirety, seems to me to clearly express a partnership enterprise in which the $2,000 was to be invested, and the title to the lands purchased by its use was to be taken in the name of Edmunds, but for the joint benefit and profit of himself and Miller.

Upon Edmunds' failure or refusal to account for and pay to Miller his share of the net proceeds received by Edmunds from the rents or sale of the property, Miller had, and still has, a remedy in Chancery (as in the case of *Lawrence* v. *Lawrence*, 6 *C. E. Gr.* 317) to compel a conveyance by Edmunds to him of his undivided share in the land, and an accounting for the profits received therefrom.

While the preliminary recital of the purpose of the paper stated that Edmunds " had borrowed from Miller " the sum

of $2,000 at six per cent. interest, for the purpose of buying the interest of George Rutherford, &c. (a recital intended to properly protect Miller against the loss of interest in event of Edmunds' failure to enforce his agreement with Rutherford and obtain the title), yet the conditions regarding the repayment of that $2,000 are defined in the body of the paper in these words, viz. : "After such sale is made, I am to pay back to Lemuel E. Miller the two thousand dollars, and after taking out the one hundred and seventy-three paid," &c., " I am to give Lemuel E. Miller two-thirds of the profits made in the transaction and am to make no charge for my services." The " payment back " provided for by the terms of this instrument was intended to include only the principal sum of $2,000, together with Miller's share of the profits of the undertaking, and its language is clearly expressive of that intent. By the subsequent agreement of the parties of July 19th, 1893, the note, referred to in the writing as intended to be only collateral, was given up by Miller, and the mortgage then executed was drawn with interest from that date, a concession as to subsequent interest then made by Edmunds to Miller, presumably in view of the long delay complained of by Miller in the sale promised by Edmunds of the partnership property. But the language of the original paper is precise in requiring the repayment of the principal sum only, without interest, expressing, it seems to me, this fair and equitable intent, viz., Edmunds, who invested no money, was to embark in the venture his labor, services and the use of his faculties in the taking of proper legal proceedings in his name to procure either a division of the property or its sale, and in the meantime was expected to manage and rent the property to the best advantage, and against this use of Edmunds' brains and services, Miller was to place the use of his $2,000, each partner expecting a return of profit for such use.

As this view of the matter requires a reversal of the judgment below, a consideration of the other assignments of error is unnecessary.

*For affirmance*—None.

*For reversal* — THE CHANCELLOR, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 14.